IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:06CV54-1-MU

| | |
|---|---|
| KENNETH PATTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| STATE OF NORTH CAROLINA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** comes before the Court upon Respondent's Motion for Summary Judgment, filed July 10, 2006.

On April 19, 2006, Petitioner filed a federal habeas petition. This Court ordered Respondent to respond to Petitioner's federal habeas petition. On July 10, 2006, Respondent responded by asserting that Petitioner's federal habeas petition is untimely. Petitioner's response to Respondent's Motion for Summary Judgment was due, after two extensions were granted, on August 28, 2006. To date, Petitioner has not responded to Respondent's Motion for Summary Judgment. For the reasons set forth below and in Respondent's Motion for Summary Judgment, this Court finds that Petitioner's federal habeas petition is untimely.

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA) went into effect. The AEDPA amended § 2254 to include a one-year limitation on the filing of a motion. 28 U.S.C. § 2244(d)(1). Under AEDPA a petitioner must file a § 2254 motion within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration

of time for seeking such review."[1]  28 U.S.C. § 2244(d)(1)(A).  Prisoner's whose convictions became final any time prior to the effective date of AEDPA had until April 24, 1997, to file their § 2254 motions.  Brown v. Angelone, 150 F.3d 370, 375 (4th Cir. 1998).  However, the one-year limitation period is tolled for the period during which a properly filed state post-conviction action is pending.  28 U.S.C. § 2244(d)(2).

Petitioner was convicted on June 11, 1992, and sentenced to six consecutive life sentences.  The North Carolina Court of Appeals remanded his case for resentencing and Petitioner was resentenced to five consecutive life sentences on March 14, 1994.  On appeal, the North Carolina Court of Appeals again vacated and remanded the case for resentencing.  On February 9, 1996, upon discretionary review, the North Carolina Supreme Court reversed the court of appeals decision.  The North Carolina Supreme Court remanded the case to the court of appeals for further remand to the superior court for reinstatement of the sentences previously entered.

Neither party has provided this Court with the precise date on which Petitioner was resentenced after the North Carolina Supreme Court's 1996 decision.  In all likelihood Petitioner's limitation period began to run prior to his filing of his first MAR.  However, for purposes of this Order, the Court will begin Petitioner's limitation period upon the court of appeals' dismissal of his appeal of the denial of his February 24, 1997 MAR.  Petitioner's appeal of the dismissal of his MAR was denied by the North Carolina Court of Appeals on November 17, 1998.  At a minimum, at this time, Petitioner's limitation period began to run and expired on or about November 18, 1999.  Petitioner's second MAR which he filed on May 31, 2005, did not serve to toll his limitation period

---

[1] AEDPA provides for three other possible triggers for the limitations period.  28 U.S.C. § 2244(d)(1). However, none of these other three triggers applies in the present case.

2

because it had already expired.  Consequently, when Petitioner filed the instant federal habeas petition on April 21, 2006, it was untimely by many years.

**IT IS, THEREFORE, ORDERED** that:

1. Respondent's Motion for Summary Judgment is GRANTED; and

2. Petitioner's Petition Under § 2254 for Writ of Habeas Corpus is DISMISSED.

Signed: September 11, 2006

Graham C. Mullen
United States District Judge